UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SELECTIVE INSURANCE COMPANY OF THE SOUTHEAST, | * * * * | |
| Plaintiff, | * * | |
| v. | * * | Civil Action No. 25-cv-10521-ADB |
| SCOTTSDALE INSURANCE COMPANY, | * * | |
| Defendant. | * * * | |

**MEMORANDUM AND ORDER**

BURROUGHS, D.J.

Plaintiff Selective Insurance Company of the Southeast ("Plaintiff") and Defendant

Scottsdale Insurance Company ("Defendant") both issued liability insurance policies that

covered Galaxy Management, LLC ("Galaxy Management"). Both insurers contributed to a

settlement of an underlying lawsuit on behalf of Galaxy Management subject to a reservation of

rights, and Plaintiff now seeks reimbursement from Defendant of the amount that Plaintiff

contributed to the settlement, on the theory that Plaintiff's policy was excess over Defendant's.

Before the Court are the parties' cross-motions for judgment on the pleadings, [ECF No. 20

(Plaintiff's motion)]; [ECF No. 22 (Defendant's motion)]. For the following reasons, Plaintiff's

motion is **GRANTED**, and Defendant's motion is **DENIED**.

I.      **BACKGROUND**

A.      **Factual Background**

The parties agree on the following facts.

At all relevant times, Galaxy Management managed 26 Galaxy Pass in Sutton, Massachusetts ("the Premises"), for Galaxy Sutton LLC.  [ECF No. 6 ("Am. Compl.") ¶¶ 8, 24]; [ECF No. 9 ("Answer") ¶¶ 8, 24].  Galaxy Management was covered by two liability insurance policies, one issued by Plaintiff and the other by Defendant.  [Am. Compl. ¶¶ 17–18]; [Answer ¶¶ 17–18].

Plaintiff issued a policy with a coverage limit of one million dollars per occurrence to Galaxy Management itself.  [Am. Compl. ¶¶ 26, 28]; [Answer ¶¶ 26, 28]; [ECF No. 6-3 ("Selective Policy")].  Plaintiff's policy provided that where liability "aris[es] out of your management of property for which you are acting as real estate manager, this insurance is excess over any other valid and collectible insurance available to you, whether such insurance is primary or excess."  [Selective Policy at 159].

Defendant issued a policy with a coverage limit of two million dollars per occurrence to Galaxy Sutton LLC and Galaxy Pass LLC.  [Am. Compl. ¶ 18]; [Answer ¶ 18]; [ECF No. 6-2 ("Scottsdale Policy")].  Defendant's policy, which also covered any person or organization while they were "acting as [a] real estate manager" for a named insured party, [Scottsdale Policy at 26], provided that it was "excess over any other insurance, whether primary, excess, contingent or on any other basis . . . [t]hat is valid and collectible insurance available to any insured under any other policy," [id. at 49].

Following a slip and fall accident at the Premises, a lawsuit was brought against seven defendants, including Galaxy Management.  [Am Compl. ¶¶ 1, 8–9]; [Answer ¶¶ 1, 8–9].  Both Scottsdale and Selective agreed to participate in the defense of Galaxy Management and then to fund a settlement of the underlying lawsuit on Galaxy Management's behalf, in both cases subject to a reservation of rights.  [Am. Compl. ¶¶ 36–37, 41]; [Answer ¶¶ 36–37, 41].  The total

2

amount of the settlement is confidential, [Am. Compl. ¶ 41]; [Answer ¶ 41], but Plaintiff agreed to pay $116,666.67, and Defendant agreed to pay two-thirds of the total settlement cost.  [Am. Compl. ¶¶ 42–43]; [Answer ¶¶ 42–43].

### B.    Procedural History

Plaintiff initiated this action on March 4, 2025, [ECF No. 1], and filed the operative amended complaint on April 2, 2025, [ECF No. 6].  On May 30, 2025, Defendant answered and filed a counterclaim against Plaintiff, [ECF No. 9], which Plaintiff answered on June 20, [ECF No. 11].  On August 8, 2025, both parties moved for judgment on the pleadings, [ECF Nos. 20–23], and on September 8, 2025, each party filed an opposition to the other's motion, [ECF Nos. 24–25].

## II.    LEGAL STANDARD

In considering cross motions for judgment on the pleadings, a court must "determine whether either of the parties deserves judgment as a matter of law on facts that are not disputed." Curran v. Cousins, 509 F.3d 36, 44 (1st Cir. 2007) (quoting Barnes v. Fleet Nat'l Bank, N.A., 370 F.3d 164, 170 (1st Cir. 2004)).  Each motion must be "evaluat[ed] . . . on its own merits," Bellino v. Schlumberger Techs., Inc., 944 F.2d 26, 33 (1st Cir. 1991) (quoting Schwabenbauer v. Board of Educ. of City School Dist. of Olean, 667 F.2d 305, 314 (2d Cir. 1981)), meaning that in each instance, "the facts contained in the pleadings" must be construed "in the light most favorable to the party opposing the motion," and "all reasonable inferences" must be drawn in the nonmoving party's favor, Curran, 509 F.3d at 43–44 (first citing Aponte-Torres v. Univ. of P.R., 445 F.3d 50, 55 (1st Cir. 2006); and then citing R.G. Fin. Corp. v. Vergara-Nuñez, 446 F.3d 178, 182 (1st Cir. 2006)).

**III.    DISCUSSION**

The parties agree that their policies covered Galaxy Management in relation to the underlying lawsuit and further that the dispute before the court is governed by Massachusetts law.  See [ECF No. 21 ("Pl.'s Mem.") at 5, 7 n. 2]; [ECF No. 23 ("Def.'s Mem.") at 5–6, 17 n.2]. The sole issue before the Court is therefore the relative priority of the two policies, meaning which policy is primary and which is excess, for purposes of allocating responsibility for the settlement in the underlying lawsuit.  This requires the Court to discern "whether language contained in . . . [either] polic[y] establishes that [Defendant's] coverage must be exhausted before [Plaintiff] contributes to the settlement."  Mission Ins. Co. v. U.S. Fire Ins. Co., 517 N.E.2d 463, 466 (Mass. 1988).  As required under Massachusetts case law, the Court will first determine the policies' "relationship[s] with their insureds," meaning the type of coverage (here, primary or excess) that each policy provides to Galaxy Management, see id. at 467; accord U.S. Fidelity & Guar. Co. v. Hanover Ins. Co., 632 N.E.2d 402, 406 (Mass. 1994), and then "turn to [the policies'] relationship with one another" to decide whether there is a "provision in either of the policies specifically making the coverage provided excess of the other policy."  Mission Ins. Co., 517 N.E.2d at 467.

**A.    Each Policy's Coverage of Galaxy Management**

Both policies utilized the same general liability coverage form.  See [Selective Policy at 139]; [Scottsdale Policy at 17].  If unmodified, the policies would thus provide identical coverage to Galaxy Management, but each party made a material change to the "other insurance" clause.  Defendant deleted the clause and replaced it with different language, see [Scottsdale Policy at 49], while Plaintiff added language, see [Selective Policy at 159].  The two policies, as modified, provide in relevant part:

| Defendant's Policy | Plaintiff's Policy |
|---|---|
| **4. Other Insurance**<br><br>**a. Primary Insurance**<br><br>This insurance is primary except when **b.** below applies.<br><br>**b. Excess insurance**<br><br>**(1)** This insurance is excess over any other insurance, whether primary, excess, contingent or on any other basis:<br><br>. . . .<br><br>**(e)** That is valid and collectible insurance available to any insured under any other policy.<br><br>[Scottsdale Policy at 49]. | **4. Other Insurance**<br><br>If other valid and collectible insurance is available to the insured for a [covered loss] . . . our obligations are limited as follows:<br><br>**a. Primary Insurance**<br><br>This insurance is primary except when Paragraph **b.** below applies. . . .<br><br>**b. Excess insurance**<br><br>With respect to your liability arising out of your management of property for which you are acting as real estate manager, this insurance is excess over any other valid and collectible insurance available to you, whether such insurance is primary or excess.<br><br>[Selective Policy at 150, 159]. |

Plaintiff argues that Defendant's policy provided primary coverage and Plaintiff's policy provided excess coverage for liability arising from property management, [Pl.'s Mem. at 8], while Defendant argues that both policies provided the same level of coverage, [Def.'s Mem. at 24]. Ultimately, the court finds in favor of Plaintiff's position.

Under Massachusetts law, an other-insurance clause can indicate that a policy is excess in one of two ways. First, a policy is excess if it contains both (1) a limitation-of-liability clause stating that its coverage is "excess of primary insurance" or "excess of the 'limits of any other insurance collectible by the insured'" and (2) an other-insurance clause stating that the coverage is "excess of all 'other valid and collectible insurance . . . available to the insured.'" Mission Ins. Co., 517 N.E.2d at 464; see id. at 467. Second, a policy can be excess under specific

circumstances if its other-insurance clause states that it is excess under those particular circumstances.  Great Divide Ins. Co. v. Lexington Ins. Co., 84 N.E.3d 844, 847, 849–50 (Mass. 2017).

Consistent with Massachusetts law, Plaintiff's policy plainly provided excess coverage to Galaxy Management for the facts at issue here.  Namely, it specifically stated that its coverage would be excess when Galaxy Management was acting as a property manager.  See Great Divide, 84 N.E.3d at 849–50.  The level of coverage provided by Defendant's policy is a closer call.  Like the policies in Mission Ins. Co., Defendant's policy contained an other-insurance policy purporting to make it excess.  See 517 N.E.2d at 464; [Scottsdale Policy at 49].  But unlike those policies, Defendant's policy lacked a separate limitation-of-liability clause making clear that its coverage was excess.  The only textual evidence that Defendant's policy was excess was its other-insurance clause, which provided that the coverage was "primary" except where there was any other "valid and collectible insurance."  [Scottsdale Policy at 49].  To give effect to that exception would render the policy excess in virtually every circumstance, and Defendant has not identified any case in which a Massachusetts court permitted a policy that purported to provide primary coverage to convert itself into an excess policy by means of a catch-all other-insurance clause.  Accordingly, in the absence of other indicia that the policy provided only excess coverage, the Court concludes that Defendant's policy provided primary coverage to Galaxy Management under the circumstances presented here.

### B.  The Policies' Relationships to Each Other

The issue of the policies' relationship to one another is resolved by the construction of each respective policy.  Because Defendant's policy was primary, Plaintiff's policy will not cover Galaxy Management's losses until Defendant's coverage limit is exhausted.  As the parties

have stipulated, the settlement is less than the two-million-dollar coverage limit of Defendant's policy.  See [Answer ¶ 44].  Accordingly, Plaintiff is entitled to reimbursement for its contribution to the settlement.

## IV.    CONCLUSION

Plaintiff's motion for judgment on the pleadings, [ECF No. 20], is **GRANTED**. Defendant's motion for judgment on the pleadings, [ECF No. 22], is **DENIED**.  The clerk is **ORDERED** to enter judgment for Selective Insurance Company in this matter.

**SO ORDERED.**

March 20, 2026                                    */s/ Allison D. Burroughs*
                                                  ALLISON D. BURROUGHS
                                                  U.S. DISTRICT JUDGE